# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3555
_____

United States of America,

*Plaintiff - Appellee,*

v.

Steven Traylor,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 19, 2020
Filed: March 25, 2021
[Unpublished]
_____

Before COLLOTON, MELLOY, and KELLY, Circuit Judges.
_____

PER CURIAM.

Steven Traylor appeals an order of the district court denying his motion to suppress evidence seized from his car. Traylor pleaded guilty to unlawful possession of a firearm as a previously convicted felon, *see* 18 U.S.C. § 922(g)(1), but reserved his right to appeal the order. The court imposed sentence, and this appeal followed.

Traylor's contention is that after a police detective stopped him for traffic violations on August 9, 2018, the detective unlawfully extended the seizure so that police could deploy a drug-sniffing canine to examine Traylor's car. Authority for a seizure based on a traffic violation "ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). The district court, adopting a report and recommendation of a magistrate judge, found that the detective finished preparing a traffic ticket at 5:14:26 p.m., and required "approximately a minute" more to present the ticket to Traylor and have him sign it. The court found that the drug dog arrived at 5:15 p.m., and that police thus did not unlawfully extend the seizure. The court then ruled that once the canine alerted to the presence of drugs, police had probable cause to search the vehicle, so there was no violation of the Fourth Amendment.

It turns out, however, that the district court's conclusion was premised on a mistaken finding of fact. The parties agree on appeal that the drug dog did not arrive at Traylor's location until 5:16:15 p.m.—a point in time after the detective reasonably should have finished the tasks tied to the traffic infraction.[*] Traylor did not object in the district court to the mistaken finding about when the dog arrived, but the government agrees that there was a plain error that affected Traylor's substantial rights. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-35 (1993).

The government argues that Traylor cannot satisfy the final prong of plain-error review, which requires a showing that the error seriously affected the fairness,

---

[*]Before presenting the traffic ticket to Traylor, the detective also placed a telephone call to Traylor's probation officer from 5:14:35 p.m. to 5:19 p.m. The magistrate judge recommended concluding that the phone call was an impermissible reason to extend the traffic stop, and the government asked the district court to adopt the report in its entirety. The government therefore waived reliance on the phone call as a proper basis for extending the traffic stop beyond 5:15 p.m.

integrity, or public reputation of judicial proceedings before relief is warranted. *Olano*, 507 U.S. at 735-37. The reason asserted, however, is simply that there was another permissible basis for extending the seizure until the dog arrived—namely, that police had reasonable suspicion, independent of the traffic violations, to detain Traylor. The government asserted this position in its opposition to the motion to suppress, R. Doc. 19, at 5-8, and incorporated that response in its rejoinder to Traylor's objections to the magistrate judge's report and recommendation, R. Doc. 32, so the argument is not waived or forfeited. But we deem it better for the district court to make any necessary factual findings and to resolve the legal issue of reasonable suspicion in the first instance.

For these reasons, we vacate the district court's order of April 1, 2019, denying Traylor's motion to suppress, and remand the case for further consideration of the motion. We retain jurisdiction over the appeal during this limited remand. Once the district court's supplemental order is entered, the clerk is directed to return the case to this panel for disposition of the appeal.

_____